

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KELLY A. HINNA, §
　§
　　Plaintiff, §
　§
VS. § NO. 4:06-CV-810-A
　§
BLUE CROSS BLUE SHIELD OF §
TEXAS, A DIVISION OF HEALTH §
CARE SERVICE CORPORATION, §
　§
　　Defendant. §

MEMORANDUM OPINION
and
ORDER

On September 10, 2007, defendant, Blue Cross Blue Shield of Texas, A Division of Health Care Service Corporation, filed a motion for summary judgment in the above-captioned action. Plaintiff, Kelly A. Hinna, initially responded on October 1, 2007, and filed a supplemental response on October 2, 2007.[1] Defendant replied on October 16, 2007. Having considered defendant's motion, plaintiff's response, defendant's reply, the summary judgment evidence, and applicable authorities, the court concludes that defendant's motion for summary judgment should be denied.

---

[1] Plaintiff asserts that her supplemental response was timely because Rule 6(e) of the Federal Rules of Civil Procedure adds three days to the twenty-day response period when notice of a filing is served electronically. Defendant does not challenge the timeliness of plaintiff's supplemental response, so the court accepts it as timely filed.

I.

## Plaintiff's Claims

On October 4, 2006, plaintiff filed her original petition for declaratory relief in the 96th Judicial District of Tarrant County, Texas. Defendant removed the action to this court by notice of removal filed November 17, 2006. Plaintiff seeks a judicial declaration as to defendant's obligation to pay claims under a health insurance contract made between plaintiff and defendant. Plaintiff also brings claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of the common law duty of good faith and fair dealing, and defamation.

II.

## The Motion for Summary Judgment

Defendant maintains that it is entitled to judgment in its favor on all of plaintiff's claims based on the affirmative defense that defendant properly rescinded the insurance policy because plaintiff made material misrepresentations in her application for insurance. Plaintiff contends that defendant is not entitled to summary judgment because defendant has presented no direct evidence of plaintiff's intent to deceive, and that intent to deceive may not be established as a matter of law in Texas by the disparity between plaintiff's medical history as reported on her insurance application and as evidenced by her medical records. Plaintiff further contends that defendant is not entitled to summary judgment because defendant has not

2

established that plaintiff's misrepresentations were material to the risk as required by Texas law.

III.

Facts

On August 3, 2005, plaintiff applied for individual health care coverage with defendant. On her application, plaintiff gave a "No" answer to each of the following questions:

> [1] During the last 5 years, has any person applying for coverage had a physical examination (including check-ups), diagnostic tests, consulted a physician, chiropractor or therapist? . . .
>
> [2] Has any person applying for coverage ever been hospitalized or been treated in the emergency room or had any physical impairment, deformity, congenital anomaly, sickness, operation, injury or hospitalization other than admitted to on this page?

Def.'s App. at 8. Plaintiff also represented that she had not been advised, counseled, tested, hospitalized, or recommended for treatment for headaches, migraines, or disorders of the neurological system in the past ten years.[2] The application contained the following additional provisions:

> Acknowledgements: . . . 7. Fraud or any intentional misrepresentation of a material fact may result in rescission of coverage or denial of a claim under the terms of the policy.
>
> Agreement: I [the applicant] understand that any statements and answers on this application are representations. To the best of my knowledge and belief they are true and complete. These representations are the basis of my application . . . . The undersigned Applicant and agent acknowledge that

---

[2]The pertinent part of the record is illegible with respect to this representation. See Def.'s App. at 8. However, plaintiff does not object to defendant's characterization of this representation, so the court concludes that defendant's characterization is accurate.

3

the Applicant has read the completed application and
that he/she realizes that any false statement material
to the risk or misrepresentations therein may result in
loss of coverage under the policy.

Def.'s App. at 11. Defendant approved plaintiff for coverage under the Select Blue Advantage plan, issuing policy ID No. 1-0893053503-01 (the "policy").

From October 27, 2005, to February 16, 2006, defendant received claims under the policy from various health care providers totaling $28,061.26. Most, if not all, of these claims appear to have emanated from a condition involving plaintiff's liver. In December of 2005, radiological testing revealed what was suspected to be a mass and/or nodules on plaintiff's liver. Defendant authorized treatment, surgery, and hospitalization for this condition under the policy. Plaintiff underwent surgery in January of 2006. In the course of evaluating the claims relating to plaintiff's liver condition, defendant obtained plaintiff's medical records. The records revealed that, prior to applying for insurance coverage with defendant, plaintiff suffered from severe migraine headaches. She had been to the emergency room for a migraine, had seen a neurologist for headaches, and had taken several different medications to control migraines. Accordingly, the representations described above made by plaintiff on her application proved to be false.

By letter dated March 7, 2006, defendant informed plaintiff that it was rescinding the policy on the ground that plaintiff had failed to disclose a history of migraine headaches on her

application for coverage. Defendant did not contend that plaintiff's history of migraines was related to her liver condition.

Defendant asserts that it would have declined plaintiff's application for insurance, had it known of plaintiff's history of migraines, because its "underwriting guidelines require that an application be declined when the applicant has a history of migraines that includes such things as numerous medications and treatment from physicians and at an emergency room." Def.'s App. at 3-4. Apparently, defendant's guidelines create a continuum, whereby a medical history involving headaches can be classified in categories ranging from mild to severe and not well controlled. Somewhere along the continuum, defendant will issue a policy but exclude coverage for headaches. Further along, defendant will not issue a policy at all.[3]

The record presents evidence that the severity of plaintiff's history of headaches did not rise to the level where defendant would have flatly refused to issue plaintiff a policy. A report from defendant's risk management committee states that, had plaintiff's medical history been known, "<u>[m]igraine headaches</u> would have been declined per the underwriting manual . . . the policy would not have been issued <u>as applied for</u>." Def.'s App. at 68 (emphasis added). The letter wherein defendant informed

---

[3]The court is precluded from determining the circumstances under which defendant would refuse to issue a policy when an applicant has a history of headaches because the right margin of the copy of defendant's underwriting guidelines in defendant's appendix, like that of most of the other documents therein, is cut off. See Def.'s App at 76.

5

plaintiff that it was rescinding her policy states that defendant "determined that had th[e] information [relating to plaintiff's history of migraines] been available to [defendant] at the time of application, coverage would not have been issued <u>as applied for</u>." Def.'s App. at 71 (emphasis added). The risk management committee report and letter rescinding plaintiff's policy imply that, based on plaintiff's history of headaches, defendant would have issued plaintiff a policy but excluded migraine headaches.

IV.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. <u>Anderson</u>, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the nonmoving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. <u>Anderson</u>, 477 U.S. at

6

256. To meet this burden, the nonmovant must "identify specific evidence in the record and aticulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 428. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Analysis

Under Texas law, an insured's misrepresentation is an affirmative defense that can allow an insurer to avoid liability on a policy. Mayes v. Mass. Mut. Life Ins. Co., 608 S.W.2d 612, 616 (Tex. 1980); Kirk v. Kemper Investors Life Ins. Co., 448 F. Supp. 2d 828, 831 (S.D. Tex. 2006). To be entitled to relief under the misrepresentation defense, an insurer must prove the following five elements: (1) the making of a representation; (2) the falsity of the representation; (3) reliance thereon by the insurer; (4) the intent to deceive on the part of the insured in making the same; and (5) the materiality of the representation. Albany Ins. Co. v. Anh Thi Kieu, 927 F.2d 882, 891 (5th Cir. 1991); Union Bankers Life Ins. Co. v. Shelton, 889 S.W.2d 278, 282 (Tex. 1994). Plaintiff contends that defendant has failed to establish the fourth and fifth elements.

A.   Intent to Deceive

To assess whether defendant is entitled to summary judgment, the court must determine (1) whether the intent to deceive can ever be established as a matter of law at the summary judgment stage and (2) if so, whether this action presents circumstances under which the intent to deceive be, and has been, established as a matter of law.

1.   Establishing Intent to Deceive as a Matter of Law

Plaintiff and defendant disagree as to whether, if ever, and the circumstances under which, intent to deceive can be established as a matter of law at the summary judgment stage. Their disagreement somewhat reflects that among Texas cases considering the issue.

In Lee v. National Life Assurance Co. of Canada, 632 F.2d 524 (5th Cir. 1980), the Fifth Circuit stated that the rule of Texas appeared to be that:

> [I]ntent to deceive or induce issuance of an insurance policy can never be proved as a matter of law to establish the misrepresentation defense in the absence of either a warranty that the facts contained in the application are true or evidence of collusion between the applicant and the insurance agent.

Id. at 528 (citing Washington v. Reliable Life Ins. Co., 581 S.W.2d 153, 160 (Tex. 1979)). However, the Fifth Circuit subsequently pronounced that this interpretation was incorrect. Based on the intervening case of Mayes v. Massachusetts Mutual Life Insurance Co., 608 S.W.2d 612 (1980), the Fifth Circuit held that "intent to deceive or induce issuance of the policy can,

8

under Texas law, be established as a matter of law regardless of whether there is any evidence of collusion or a warranty by the insured." Lee v. Nat'l Life Assurance Co. of Canada, 635 F.2d 516, 517 (5th Cir. 1981). The court recognizes that "state courts and federal district courts in Texas have disagreed with the Fifth Circuit's interpretation of Mayes and its holding that intent to deceive can be established as a matter of law." Kirk v. Kemper Investors Life Ins. Co., 448 F. Supp. 2d 828, 834 (S.D. Tex. 2006). See also Cartusciello v. Allied Life Ins. Co. of Tex., 661 S.W.2d 285, 288 (Tex. App.--Houston [1st Dist.] 1983, no writ) (holding "that intent to deceive or induce the issuance of an insurance policy can never be proved as a matter of law to establish the defense of misrepresentation. Intentional deception must be pled and proved as a matter of fact."). However, this court is obligated to follow the Fifth Circuit's pronouncement that under limited circumstances intent to deceive can be established as a matter of law because those opinions to the contrary are not binding on this court. See Lee, 635 F.2d at 517.

2. Circumstances under which Intent to Deceive Can be Established as a Matter of Law

The circumstances under which intent to deceive can be established as a matter of law are quite narrow. "Under the current law of Texas, any misrepresentations in the application for an insurance policy cannot alone establish an intent to deceive by the insured as a matter of law." Adams v. John

Hancock Mut. Life Ins. Co., 797 F.Supp. 563, 569 (W.D. Tex. 1992), aff'd, 49 F.3d 728 (5th Cir. 1995). See also Kirk, 448 F. Supp. 2d at 834-36 ("[U]nder Texas law, an insured's intent to deceive may not be proved by summary judgment evidence of the insured's knowledge of their [sic] actual health condition or of even substantial disparity between the representations made on the insurance application and the insured's knowledge.").[4]

The Texas Supreme Court has noted that "the utterance of a known false statement, made with intent to induce action . . . is equivalent to an intent to deceive." Shelton, 889 S.W.2d at 282 n.7 (quotation and citation omitted). As defendant correctly points out, other Texas cases hold that the intent to deceive can be established as a matter of law when an applicant warrants that representations are true. Washington v. Reliable Life Ins. Co., 581 S.W.2d 153, 160 (Tex. 1979); Darby v. Jefferson Life Ins. Co., 998 S.W.2d 622, 628 (Tex. App.--Houston [1 Dist.] 1995, no writ); Diggs v. Enterprise Life Ins. Co., 646 S.W.2d 573, 576 (Tex. App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.); Odom v. Insurance Co. of State of Pa., 441 S.W.2d 584, 586 (Tex. Civ. App.--Austin 1969), aff'd, 455 S.W.2d 195 (Tex. 1970). The intent to deceive can also be established as a matter of law when

---

[4]Defendant argues that the unpublished opinion, Chesapeake Life Insurance Co. v. Shaka, 2006 WL 456251 (S.D. Tex. Feb. 24, 2006), creates precedent under which the intent to deceive can be established through summary judgment evidence of the insured's knowledge of the falsity of his or her representations. Shaka is not persuasive. The court notes that a later opinion of the Shaka court expressly disagreed with Shaka's result. See Kirk v. Kemper Investors Life Ins. Co., 448 F. Supp. 2d 828, 835-836 (S.D. Tex. 2006).

10

the applicant colludes with the insurance agent. Washington, 581 S.W.2d at 160; Diggs, 646 S.W.2d at 576; Odom, 441 S.W.2d at 586.

Defendant has not shown any of the limited circumstances establishing intent to deceive. Defendant has not adduced any evidence that plaintiff's misrepresentations were made with the intent to induce action. See Shelton, 889 S.W.2d at 282 n.7. "It is incumbent upon the insurer to prove that the insured made some material misrepresentation willfully and with design to deceive or defraud, as an element of this misrepresentation defense." Albany Ins. Co. v. Anh Thi Kieu, 927 F.2d 882, 891 (5th Cir. 1991) (quotation and citation omitted). In this connection, "[a]n insured's false statements which are made because of negligence, mistake, and/or carelessness are not sufficient to invalidate an insurance policy on the basis of an insured's misrepresentation of a material fact." Adams, 797 F. Supp. at 567. The record presents a genuine issue of material fact precluding summary judgment because defendant has not shown that plaintiff's misrepresentations were made as a result of anything other than negligence, mistake, or carelessness. See id.

Likewise, defendant is not entitled to summary judgment under the other circumstances where intent to deceive may be established as a matter of law. Defendant has not adduced any evidence that plaintiff colluded with any insurance agent, and defendant's contention that plaintiff warranted the accuracy of her responses, if it even makes this contention, is questionable

at best. Tellingly, defendant does not cite any authority under which the court can determine if statements in plaintiff's policy are indeed warranties, and a close reading of defendant's motion reveals that defendant never actually says that plaintiff warranted the truth of her answers. Rather, defendant refers to the pertinent provision as an "agreement." Def.'s Br. at 9-10.

"In an insurance contract, a warranty is a statement made by the insured, which is susceptible to no construction other than that the parties mutually intended that the policy should not be binding unless such statement be literally true." Riner v. Allstate Life Ins. Co., 131 F.3d 530, 537 n.7 (5th Cir. 1997) (citing Lane v. Travelers Indem. Co., 391 S.W.2d 399, 402 (Tex. 1965)). Texas law strongly disfavors warranties in insurance applications, and Texas courts reject even fairly obvious attempts to create warranties in the application process. Riner, 131 F.3d at 537 n.7 (citing Cartusciello, 661 S.W.2d at 287; Allied Bankers Life Ins. Co. v. De La Cerda, 584 S.W.2d 529, 532 (Tex. App.--Amarillo 1979, writ ref'd n.r.e.)). When language chosen by an insurer is susceptible to more than one construction, it is construed against the insurer and liberally in favor of the insured. Barnett v. Aetna Life Ins. Co., 723 S.W.2d 663, 666 (Tex. 1987). When the language at issue involves an exception or limitation of the insurer's liability, it will be stringently construed against the insurer. Id.

The agreement between plaintiff and defendant regarding the answers to the questions on her application does not create a

12

warranty because it is susceptible to a construction other than that the parties mutually intended that the policy should not be binding unless the answers given by plaintiff were literally true. See Riner, 131 F.3d at 537 n.7. The agreement clause never uses the words "warrant" or "warranty." See Def.'s App. at 11. All that the clause does is provide that plaintiff's answers are representations and acknowledge defendant's right to pursue the defense of misrepresentation. Representations in an application for insurance are not in and of themselves warranties. See Lane, 391 S.W.2d at 401-02. The agreement clause does not provide that a subsequent policy shall not be binding if there is any false statement material to the risk or misrepresentation; rather, it simply states that these things *may* result in a loss of coverage. Likewise, acknowledgement number 7 provides only that fraud or misrepresentation "may result in rescission . . . or denial of a claim." Id. Properly and rigorously construed against defendant, the agreement clause and acknowledgement number 7 do not create warranties. See Riner, 131 F.3d at 537 n.7; Barnett, 723 S.W.2d at 666.

Accordingly, defendant is not entitled to summary judgment because it has not established as a matter of law that plaintiff had the intent to deceive.

B.   <u>Materiality of the Representation</u>

Section 705.004 of the Texas Insurance Code provides that an insurance policy provision stating that false statements made in the application for the policy render the policy void or voidable will only be effective as a defense in suit brought on the policy when "the matter represented: (1) was material to the risk; or (2) contributed to the contingency or event on which the policy became due and payable." Tex. Ins. Code. Ann. § 705.004(b) (Vernon 2006). These are both questions of fact. <u>Id.</u> § 705.004(c). Defendant does not argue that plaintiff's misrepresentations contributed to the contingency or event on which the policy became due and payable.

The court agrees with plaintiff that the risk committee report and letter rescinding plaintiff's policy indicate that, had it known of plaintiff's history of migraines at the time of application, defendant would have issued the policy but excluded coverage for migraine headaches. Plaintiff contends that these documents show that plaintiff's misrepresentations were not material to the risk because defendant would have issued a policy covering plaintiff's subsequent liver condition, knowledge of plaintiff's history of migraines notwithstanding. However, plaintiff does not cite any authority supporting this position. Indeed, plaintiff does not cite any authority whatsoever explaining how the court should determine whether plaintiff's representations were material to the risk. A review of the applicable authorities reveals that they do not support

14

plaintiff's contention.

Materiality to the risk is viewed as of the time of the issuance of the policy, not at the time the loss occurred. Robinson v. Reliable Life Ins. Co., 569 S.W.2d 28, 30 (Tex. 1978). "[T]he principal inquiry in determining materiality is whether the insurer would have accepted the risk if the true facts had been disclosed." Id. at 29. See also Harrington v. Aetna Cas. & Sur. Co., 489 S.W.2d 171, 177-78 (Tex. Civ. App.-- Waco 1972, writ ref'd n.r.e.) ("[W]e believe the rule to be that the misrepresentation is not 'material to the risk,' as that phrase is used in the statute, unless it actually induced the insurance company to assume the risk."). Because the disjunctive "or" is used in section 705.004(b) of the Texas Insurance Code, an insurance policy can be avoided upon a finding that the misrepresentation was material to the risk without proof that the condition misrepresented contributed to the event that caused the loss. See Robinson, 569 S.W.2d at 28.

The summary judgment record conclusively establishes that plaintiff's misrepresentations were material to the risk because defendant assumed the risk associated with plaintiff's history of migraines when it issued the policy. See Robinson, 569 S.W.2d at 30. While defendant very well may have issued plaintiff a policy that would have covered the claims relating to plaintiff's liver condition even if it had known of her history of migraines, it would not have issued the particular policy it did issue. To accept plaintiff's argument that her misrepresentations were not

material because, had they been known, only migraine headaches would have been excluded, the court would have to read the "or" out of section 705.004(b) of the Texas Insurance Code. Plaintiff's reading of section 705.004(b) would require an insurer seeking to establish the defense of misrepresentation to show <u>both</u> that the misrepresentation was material to the risk <u>and</u> that it contributed to the contingency or event on which the policy became due and payable. The Texas Supreme Court has squarely rejected such a reading of section 705.004(b). <u>See</u> <u>Robinson</u>, 569 S.W.2d at 28. Thus, defendant has established that plaintiff's misrepresentations were material to the risk.

VI.

<u>Order</u>

For the reasons discussed above, the court concludes that the motion for summary judgment filed by defendant, Blue Cross Blue Shield of Texas, A Division of Health Care Service Corporation, should be denied.

The court ORDERS that the motion for summary judgment filed by defendant in the above-captioned action be, and is hereby, denied.

SIGNED October 22, 2007.

JOHN McBRYDE
United States District Judge